## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

BRIAN KELLY THORNTON,

    *Plaintiff*,

CASE NO. 11-14684

*v.*

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE CHARLES E. BINDER

AFGE LOCAL 2274, Executive
Board and Members, *et al.*,

    *Defendants*.
_____/

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION THAT CASE BE *SUA SPONTE* DISMISSED FOR FAILURE TO PAY THE FILING FEE

**I.**     **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**II.**     **REPORT**

Plaintiff's complaint, which was filed *pro se* on October 25, 2011, alleges violations of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 401 *et seq*. The case was referred by United States District Judge Thomas L. Ludington to the undersigned magistrate judge for general case management. (Doc. 3.) On November 28, 2011, Plaintiff's Application to Proceed *In Forma Pauperis* was denied. (Doc. 5.) On December 5, 2011, Plaintiff was notified that his deadline for paying the $350 civil case filing fee was January 5, 2012. (Doc. 6.) Plaintiff has failed to pay the filing fee.

Under Rule 41(b) of the Federal Rules of Civil Procedure, the court has authority to dismiss a lawsuit "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b).  "Although Rule 41(b) anticipates a motion by the defendant . . . it places no limitation on the court's exercise of its inherent power to dismiss a case *sua sponte*. 8 Moore's Federal Practice, Dismissal of Action, § 41.50[6](b) at 41-194 (2009).

In this case, Plaintiff has failed to comply with the rule requiring payment of a filing fee once an application to proceed *in forma pauperis* has been denied. "An individual commences a civil action by filing a complaint with the clerk of court, *see* Fed. R. Civ. P. 3, 5(e), and a filing fee is required of a party instituting any civil action, *see* 28 U.S.C. § 1914(a)." *Truitt v. County of Wayne*, 148 F.3d 644, 647 (6th Cir. 1998).

Accordingly, I suggest that Plaintiff's complaint be *sua sponte* dismissed without prejudice for failure to pay the required filing fee.

**III.    REVIEW**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise

2

others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

        s/ *Charles E. Binder*
        CHARLES E. BINDER
Dated: January 10, 2012        United States Magistrate Judge

## CERTIFICATION

    I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail on Brian K. Thornton, 407 N. Mason, Saginaw, MI, 48602-4468; and served on District Judge Ludington in the traditional manner.

Date: January 10, 2012        By    s/*Jean L. Broucek*
        Case Manager to Magistrate Judge Binder